**Mary MONROE, Plaintiff–Appellant,**

v.

**HYUNDAI OF MANHATTAN & WEST-CHESTER, Toyota & Lexus Financial Service, Defendants–Appellees.**

No. 09–0935–cv.

United States Court of Appeals, Second Circuit.

April 19, 2010.

Mary M. Monroe, pro se, New York, N.Y., for Appellant.

Adam M. Levy (Jason W. Creech, on the brief), Simmons Jannace, LLP, Syosset, N.Y., for Defendant–Appellee Toyota Motor Credit Corporation s/h/a Toyota & Lexus Financial Service. Sandra D. Lovell, Brian J. Carey McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, N.Y., for Defendants–Appellees Hyundai of Manhattan, Inc. s/h/a Hyundai of Manhattan, and Hyundai of Westchester, Inc. s/h/a Hyundai of Westchester, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE, GUIDO CALABRESI, Circuit Judges.

SUMMARY ORDER

Plaintiff–Appellant Mary Monroe appeals pro se from a judgment of the United States District Court for the Southern District of New York (Daniels, J.), entered on November 13, 2008, adopting the Report and Recommendation ("R & R") of the Magistrate Judge (Pitman, M.J.), and granting Defendants–Appellees' motions to dismiss based on, *inter alia*, a failure to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Monroe's appeal was waived when she failed to timely object to the R & R of the Magistrate Judge. "In general, failure to object timely to a magistrate's report operates as a waiver of any further judicial

148

review of the magistrate's decision," *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir.2008) (internal quotation marks omitted), provided that "the party had received clear notice of the consequences of the failure to object," *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992) (internal quotation marks omitted). Monroe received such clear notice in the R & R itself, which contained explicit instructions on where and by what date to file objections, as well as a warning that Monroe's failure to do so would waive any such objections. Monroe failed to file any objections to the R & R. Although we may excuse this waiver "in the interests of justice," *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993), Monroe has not provided any argument that justice requires us to overlook her waiver of these issues below.

Moreover, even were judicial review available, our review of the record confirms that the district court properly granted Defendants' motions to dismiss for failure to state a claim, and we affirm for substantially the same reasons set out in the magistrate judge's thorough and well-reasoned report and recommendation.

We have reviewed Monroe's arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.